UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
FARRAH GILOT,

                Plaintiff,

        - against -

SELF FINANCIAL INC.,

                Defendant.
---------------------------------------------------------x

**TRANSFER ORDER**
25-CV-7050 (PKC) (PK)

PAMELA K. CHEN, United States District Judge:

*Pro se* Plaintiff Farrah Gilot filed this action pursuant to 28 U.S.C. § 1332 against Defendant Self Financial, asserting damages in the amount of $84,000. (*See* Compl., Dkt. 1, at ECF[1] 3, 5.) Plaintiff alleges that she signed up for a service to "fix [her] credit" but that Defendant "damage[d] [her] credit between 42 and 51 points." (*Id.* at ECF 5.) For the reasons discussed below, the action is transferred to the United States District Court for the Western District of Texas.

## BACKGROUND

Plaintiff asserts that she signed up for an online service with Defendant to "fix [her] credit." (*See* Compl., Dkt. 1, at ECF 5.) She claims that she attempted to cancel the service, but that Defendant refused to allow her to do so and ultimately damaged her credit by 42 to 51 points. (*Id.*) Plaintiff argues that venue is proper and the Court has jurisdiction because "[t]he incident occurred in New York," she is "a New York resident," and Defendant is an online company with its headquarters in Austin, Texas. (*Id.* at ECF 3; *see id.* at ECF 2–3.) Plaintiff seeks $84,000 in damages. (*Id.* at ECF 5.)

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

This is the second action Plaintiff has filed against Defendant before this Court asserting these allegations. *See Gilot v. Self Fin. Inc.*, No. 25-CV-7050 (PKC) (E.D.N.Y. Jan. 2, 2026). In that action, by Order dated January 2, 2026, the Court transferred the action to the United States District Court for the Western District of Texas pursuant to 28 U.S.C. §§ 1391(b) and 1406(a). That action is presently pending in that district. *See Gilot v. Self Fin. Inc.*, No. 1:26-CV-0012 (RP) (SH) (W.D. Tex.).

Along with her Complaint, Plaintiff also filed a letter requesting recusal from the District Judge currently assigned to the case because the cases she has filed with this Court have been sent to other Districts. (*See* Letter, Dkt. 2.)

## DISCUSSION

### I. Recusal

At the outset, the Court denies Plaintiff's request for recusal. (Letter, Dkt. 2.) Federal law provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[T]he test for whether an appearance of partiality exists 'is an objective one based on what a reasonable person knowing all the facts would conclude.'" *Litovich v. Bank of Am. Corp.*, 106 F.4th 218, 224 (2d Cir. 2024) (quoting *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003)). The only justification Plaintiff offers for her recusal request is that she disagrees with the Court's decisions in Plaintiff's prior actions. (*See* Letter, Dkt. 2.) However, disagreements with the Court's rulings alone "rarely suffice" as a basis for recusal; Plaintiff must also demonstrate that the Court has "reli[ed] upon an extrajudicial source" or "display[ed] a deep-seated favoritism or antagonism that would make fair judgment impossible." *Kirk v. Citigroup Glob. Mkt. Holdings, Inc.*, No. 20-CV-7619, 2023 WL 171771, at *3 (S.D.N.Y. Jan. 12, 2023) (first quoting *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009); then

2

quoting *Bromfield v. Bronx Lebanon Special Care Ctr., Inc.*, No. 16-CV-10047 (ALC) (SLC), 2021 WL 6055265, at *1 (S.D.N.Y. Nov. 30, 2021)); *see also Roldan v. Bronx Pro Realty*, No. 25-CV-5943 (DEH) (SDA), 2025 WL 2424576, at *3 (S.D.N.Y. Aug. 22, 2025) ("[W]here the standards governing disqualifications are not met, disqualification is not optional; rather, it is prohibited." (citations omitted)).  Plaintiff has not alleged or shown either.  Accordingly, the Court denies the request for recusal.

**II.     Transfer**

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Even if a case is filed in a jurisdiction where venue might be proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a); *see Corley v. United States*, 11 F.4th 79, 89–90 (2d Cir. 2021) (affirming *sua sponte* transfer of case). In determining whether transfer is appropriate, courts consider a number of factors, including judicial economy.  *See Royal & Sunalliance v. Brit. Airways*, 167 F. Supp. 2d 573, 578 (S.D.N.Y. 2001) (citation omitted); *Idle Media, Inc. v. Create Music Grp., Inc.*, No. 24-CV-00805 (JLR), 2024 WL 5009713, at *18–19 (S.D.N.Y. Dec. 6, 2024) (citation omitted).

3

The Court finds that transfer of this matter to the Western District of Texas is appropriate. Given the transfer of Plaintiff's prior action[2], which essentially states the same claims as the present one, to the Western District of Texas, *see Gilot v. Self Fin. Inc.*, No. 1:26-CV-0012 (RP) (SH) (W.D. Tex.), the present action also should be transferred, to avoid inconsistent rulings. *See* 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a), and notions of convenience and fairness are considered on a case-by-case basis."). Should Plaintiff wish to argue that this district is the proper venue for both actions, she must raise that argument in the first action, *Gilot v. Self Fin. Inc.*, No. 1:26-CV-0012 (RP) (SH) (W.D. Tex.), in the Western District of Texas. That court may, at its discretion, consolidate the cases and transfer them back to this district.

---

[2] The Court transferred that action based on its findings that "Defendant [was] located in Austin, Texas . . . and the actions giving rise to [Plaintiff's] claim appear[ed] to have occurred outside this district." *Gilot v. Self Financial Inc.*, No. 25-CV-7050 (PKC) (E.D.N.Y. Jan. 2, 2026), Dkt. 4, at 2.

4

## CONCLUSION

For the reasons stated above, Plaintiff's request for recusal is denied and the Clerk of Court is hereby directed to transfer this action to the United States District Court for the Western District of Texas. 28 U.S.C. §§ 1391(b); 1404(a).  No summons shall issue from this Court.  A decision on Plaintiff's request to proceed *in forma pauperis*, (Dkt. 3), is reserved for the transferee court.  The provision of Rule 83.1 of the Local Rules of the Eastern District of New York, which requires a seven-day delay, is waived.

This Order closes this action in this Court.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 23, 2026
       Brooklyn, New York